GREENBERG TRAURIG, LLP
Allen G. Kadish
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Attorneys for Allen D. Applbaum as Receiver
for Mount Vernon Money Center Corp., *et al.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------x
    :
**In the Matter of**    :
    :
**THE RECEIVERSHIP OF MOUNT**    :
**VERNON MONEY CENTER CORP.**    :
    :
------------------------------------------------x

Civil Action 10-CIV-____ (    )

**PETITION FOR RELIEF
ON BEHALF OF COURT-
APPOINTED RECEIVER**

ALLEN D. APPLBAUM, in his capacity as Court-appointed receiver (the "Receiver"),

of Mount Vernon Money Center Corp., and related entities (collectively, "MVMC"), hereby

petitions for relief as follows:

## SUMMARY OF RELIEF SOUGHT

1.    By this Petition, the Receiver respectfully seeks relief in support of his judicially

directed duties as Receiver, specifically in respect of that certain Motion filed on his behalf

herein as defined and described below, consistent with the directions of this Court expressed in

that certain *Order to Show Cau*se dated April 6, 2010, as described below.

2.    The receivership and related relief applicable herein are governed by, *inter alia,*

18 U.S.C. § 982(b)(1) and 21 U.S.C. §§ 853(e) and (f).

## FACTUAL ALLEGATIONS

3.    On February 9, 2010, Robert Egan was charged by the United States of America,

in a complaint entitled, *United States of America v. Robert Egan*, 10 MAG 238 (the "Egan

Action"), with bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C §§

1344 and 1349.  Mr. Egan was arrested and subsequently indicted.  A co-conspirator, Bernard McGarry, was also arrested and subsequently indicted.  Mr. Egan was the principal and president, and Mr. McGarry was the chief operating officer, of MVMC.

4.      MVMC is engaged in several cash management businesses through various operating entities including owning automated teller machines ("ATM's") and servicing ATM's owned by MVMC and third parties.

5.      On February 11, 2010, this Court (Berman, U.S.D.J.) issued the *Consent Order for Restraint and Seizure of Property Pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. §§ 853(e) and (f)* (the "Restraint Order").  On February 12, 2010, this Court (Berman, U.S.D.J.) issued the *Consent Order for Creation of Receivership and Appointment of Receiver Pursuant to 18 U.S.C. § 983(j) and 21 U.S.C. § 853(e)* (the "Receivership Order").  Pursuant to the Receivership Order, Allen D. Applbaum was appointed as receiver of MVMC (the "Receiver").

6.      The Receivership was created at the request of the United States Attorney for the Southern District of New York to ascertain the financial condition of MVMC, prevent dissipation of the property and assets of MVMC, prevent the encumbrance or disposal of property or assets of MVMC, preserve the books, records and documents of MVMC, and designate a fiduciary to be available to respond to inquiries by creditors of MVMC.  The Receivership Order, as specified therein, directed the Receiver to:

- Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of, MVMC . . . that have not already been seized by law enforcement.

- Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control; of any assets or funds of MVMC . . . ;

- Pay from available funds necessary business expenses required to preserve the assets and property of MVMC . . . , including the books,

NY240210466-1

records and documents of MVMC . . . notwithstanding the Consent Restraining Order;

- Locate assets that may have been conveyed to third parties or otherwise concealed;

- Ascertain the disposition and use of funds and other property obtained by MVMC . . . ;

- Engage and employ persons, including accountants, attorneys and experts, to assist in the carrying out of the Receiver's duties and responsibilities hereunder;

- Report to the Court and the parties within 15 days from the date of the entry of this Order, subject to such reasonable extensions as the Court may grant;

- Develop a preliminary plan for the administration of the assets of the receivership for all or a portion of the assets subject to the receivership; and

- Take such further action as the Court shall deem equitable, just and appropriate under the circumstances upon proper application of the temporary receiver.

The Receiver undertook to comply with the directives of the Receivership Order.

7.      Upon diligence, the Receiver determined that the MVMC enterprise was organized with four primary operating units:

- NowCash - Owned approximately 600 ATM's in various locations such as grocery stores, gas stations and convenience stores. Almost half of these machines were replenished with cash and managed by another MVMC business unit, ATM Management Services. The remainder of the NowCash ATM's were loaded with cash by the merchants that had contracted with NowCash for servicing the machines.

- ATM Management Services - Offered services to approximately 5,300 ATM's including cash management, security, technical support, service and maintenance. This operating unit provided this suite of services to ATM owners including the self-owned machines in the NowCash business segment.

- Armored Money Services - Provided traditional armored transportation and vault services including deposit verification, coin and currency preparation and counting with web access reporting.

NY240210466-1

- District Security Services - Provided security services including alarm, CCTV burglar alarm, fire alarm and central station monitoring.

8.    On March 1, 2010 the Receiver timely filed his Interim Report (the "Report") in the Egan Action.

9.    In the Report, the Receiver set forth that he had complied in each and every respect with the Receivership Order.   The Receiver posted guards, assured physical and electronic security of active units, replaced locks and keys, reprogrammed electronic access systems, changed access codes, established liaison with local police and otherwise secured the assets and premises of the entities and businesses subject to the receivership.

10.    The Receiver took control of and preserved the books, records and documents of MVMC.

11.    The Receiver assumed control over the operations and employees of MVMC and assured the continued servicing of MVMC customer relationships.

12.    The Receiver took control of all  MVMC accounts.

13.    The Receiver has been conducting an analysis of the appropriate steps to take in order to further maximize values and recoveries to creditors and other interested parties.

14.    The Receiver has responded to inquiries of creditors and other interested parties, and has maintained the MVMC website as a means by which to disseminate information and post documents relevant to parties with respect to the actions of the Receiver.

15.    Following filing of the Report, the Receiver continued to assess the opportunities to maximize values and recoveries, eventually engaged counsel, and sought certain relief of this Court, as follows.

16.    The Receiver filed the *Motion of Receiver to (i) Expand the Scope of His Authority, and (ii) Authorize the Receiver to Place Mount Vernon Money Center Corp. and*

NY240210466-1

*Affiliates Under the Protection of Title 11 of the United States Code*, dated March 25, 2010 (the "Motion"). By the Motion, the Receiver sought an Order of this Court expanding the scope of the Receiver's authority as originally set forth in the Restraint Order and the Receivership Order and authorizing the Receiver to place MVMC under the protection of the United States Bankruptcy Code.

17.     The Motion was filed as a Miscellaneous matter inasmuch as no standard civil action was pending.[1] The Receiver sought to bring the Motion before Hon. Richard M. Berman because he had issued the Restraint Order and the Receivership Order. However, inasmuch as Judge Berman was the Part 1 judge when he issued those orders, he declined subsequently to hear the Motion, and issued an Administrative Order dated March 30, 2010 (the "Administrative Order"), directing the Clerk to open Miscellaneous matter M-19-63.

18.     Thereupon, the Receiver filed a *Declaration* in support of a proposed *Order to Show Cause* in Miscellaneous matter M-19-63 seeking the issuance of an order granting the Motion. Attached to the Declaration was the Administrative Order. This Court (Koeltl, U.S.D.J.), sitting in Part 1, scheduled a hearing to consider the Order to Show Cause. Judge Koeltl held a hearing on April 6, 2010, at which the Receiver and the United States Attorney were represented and appeared. At the conclusion of the hearing to consider issuance of the *Order to Show Cause*, Judge Koeltl issued the *Order to Show Cause* in which the Court suggested that the Receiver and the United States Attorney consider the filing of a civil complaint or such other pleading so as to achieve the assignment of a permanent judge over the MVMC receivership. Thus, the Receiver files this Petition.

---

[1]   The pending related criminal matters are insufficient to serve as "related cases" for purposes of assignment of judges in this Court in civil actions.

NY240210466-1

## RELIEF SOUGHT

19.     By this Petition, the Receiver respectfully seeks judgment in the form of an order granting the Motion.  By the Motion, the Receiver seeks to expand his authority as originally granted in the Receivership Order so as to name him, as a matter of both law and fact, the sole corporate manager of MVMC; the Receiver also seeks the authority (but not direction) to file the MVMC entities into bankruptcy should he determine that such is in the interest of the receivership, the creditors and other interested parties.  These are predicates to the Receiver's ability to move forward.

20.     The Receiver anticipates that once the relief sought in the Motion is granted, he will return to this Court with fee applications to seek approval to pay professionals for services rendered and fees expended to represent the Receiver during this short period of the receivership.

21.     Then, if the Receiver determines it appropriate, as sole corporate manager, he will file MVMC into bankruptcy for the benefit of creditors and all other parties.

## EXHIBITS

22.     A true copy of the Motion is attached hereto as Exhibit 1.   Attached to the Motion is the Restraint Order (as Exhibit A), the Receivership Order (as Exhibit B), the chart of MVMC affiliated entities (as Exhibit C), and the Report (as Exhibit D).   A true copy of the *Declaration* and its exhibits, including the *Administrative Order*, is attached hereto as Exhibit 2. A true copy of the *Order to Show Cause* is attached hereto as Exhibit 3.

NY240210466-1

## CONCLUSION

WHEREFORE, the Receiver respectfully seeks the following relief by way of this Petition as follows:

(i)  Entry of an order of this Court granting the Motion, and

(ii) Such other and further relief as is just and proper.

Dated:  New York, New York
        April 12, 2010

GREENBERG TRAURIG, LLP

By: _____
     Allen G. Kadish
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 805-5546
kadisha@gtlaw.com

Attorneys for Allen D. Applbaum as Receiver
of Mount Vernon Money Center, *et al.*