

GREENBERG TRAURIG, LLP
Allen G. Kadish
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Attorneys for Allen D. Applbaum as Receiver
 for Mount Vernon Money Center Corp., et al.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In the Matter of

THE RECEIVERSHIP OF MOUNT
 VERNON MONEY CENTER CORP.

----------------------------------------------------------------x

Civil Action 10 CIV 3121 (   )

DECLARATION

      ALLEN G. KADISH hereby declares, under penalties of perjury pursuant to 28 U.S.C. § 1746, as follows.

      1.     I am a shareholder of Greenberg Traurig, LLP, with an office at 200 Park Avenue, New York, New York 10166, and admitted to practice before this Court. Greenberg Traurig, LLP serves as counsel for Allen D. Applbaum as receiver ("Receiver") of Mount Vernon Money Center Corp. and affiliates (collectively, "MVMC"). The receivership was established pursuant to that certain *Consent Order for Creation of Receivership and Appointment of Receiver Pursuant to 18 U.S.C. § 983(j) and 21 U.S.C. § 853(e)*, dated February 12, 2010 (Richard M. Berman, U.S.D.J.) (the "Receivership Order"), and that certain *Consent Order for Restraint and Seizure of Property Pursuant to 18 U.S.C. § 982(b)(1) and 21 U.S.C. §§ 853(e) and (f)*, dated February 11, 2010 (Richard M. Berman, U.S.D.J.) (the "Restraint Order").

      2.     I submit this declaration in support of expedited consideration of the Motion of Receiver to (i) Expand the Scope of His Authority, and (ii) Authorize the Receiver to Place Mount Vernon Money Center Corp. and Affiliates Under the Protection of Title 11 of the

United States Code, dated March 25, 2010 (the "Motion"), and in support of the issuance of the pre-fixed Order to Show Cause in support thereof.

3. By the Motion, the Receiver seeks to expand his authority so as to follow controlling case law in potential bankruptcy filings for the entities subject to the receivership and to procure Court authority to file the entities subject to the receivership into bankruptcy should he determine such an action to be in the best exercise of his fiduciary duties.

4. In the course of the exercise of his duties, the Receiver has taken control of the entities, their assets and properties, has filed a report as directed, is undertaking financial diligence, and is considering whether bankruptcy is an appropriate means to achieve the goals of the receivership, including maximizing returns for creditors and other interested parties.

5. In order to effectuate the foregoing, the Receiver filed the Motion of Receiver to (i) Expand the Scope of His Authority, and (ii) Authorize the Receiver to Place Mount Vernon Money Center Corp. and Affiliates Under the Protection of Title 11 of the United States Code, dated March 25, 2010 (the "Motion"). By the Motion, the Receiver sought an Order of this Court expanding the scope of the Receiver's authority as originally set forth in the Restraint Order and the Receivership Order and authorizing the Receiver to place MVMC under the protection of the United States Bankruptcy Code. The Receiver made the Motion in United States v. Egan, No. 10 Mag. 238 (RMB), and directed a letter dated March 29, 2010 to Honorable Richard M. Berman, seeking his consideration of the Motion.

6. The Motion was filed as a Miscellaneous matter inasmuch as no standard civil action was pending.[1] The Receiver sought to bring the Motion before Hon. Richard M.

---

[1] The pending related criminal matters are insufficient to serve as "related cases" for purposes of assignment of judges in this Court in civil actions.

Berman because he had issued the Restraint Order and the Receivership Order. However, inasmuch as Judge Berman was the Part 1 judge when he issued those orders, he declined subsequently to hear the Motion, and issued an Administrative Order dated March 30, 2010 (the "Administrative Order"), directing the Clerk to open Miscellaneous matter M-19-63.

7. Thereupon, the Receiver filed a *Declaration* in support of a proposed *Order to Show Cause* in Miscellaneous matter M-19-63 seeking the issuance of an order granting the Motion. Attached to the Declaration was the Administrative Order. This Court (Koeltl, U.S.D.J.), sitting in Part 1, scheduled a hearing to consider the *Order to Show Cause*. Judge Koeltl held a hearing on April 6, 2010, at which the Receiver and the United States Attorney were represented and appeared. At the conclusion of the hearing to consider issuance of the *Order to Show Cause*, Judge Koeltl issued the *Order to Show Cause* in which the Court suggested that the Receiver and the United States Attorney consider the filing of a civil complaint or such other pleading so as to achieve the assignment of a permanent judge over the MVMC receivership.

8. The Receiver must expeditiously determine whether bankruptcy is an appropriate route for the receivership assets and if so must focus upon pre-bankruptcy planning. Therefore he respectfully seeks expedited consideration of the Motion. The Motion seeks only to broaden and clarify the Receivership Order and the Restraint Order. The Motion seeks no relief that would materially prejudice any party; to the contrary, the Motion seeks to preserve and maximize receivership assets. We have provided a copy of the Motion to the United States Attorney's Office, and the United States Attorney provided it to counsel for Mr. Egan (following the terms of Judge Koeltl's *Order to Show Cause*). The United States Attorney supports the relief sought as indicated on the record of the hearing before Judge Koeltl. No objection has been filed

to the requested relief. Expedited relief is necessary; to wait another twenty-one days or more for a hearing on the matter would unnecessarily extend the period of receivership potentially causing diminution in the value of the assets available to creditors and other interested parties. Thus, the Receiver respectfully requests that the Court consider the Motion on the papers submitted with no further notice or hearing. Alternatively, the Receiver seeks a hearing on an expedited schedule with notice to be given to the United States Attorney and to Mr. Egan through his counsel.

9. The annexed Order to Show Cause and this declaration in support thereof are submitted pursuant to Rule 6.1 of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Rules") including Local Rule 6.1(d), seeking expedited consideration of the Motion and directing dispensation with, or establishing abbreviated procedures for, notice as set forth herein and therein.

10. Except as set forth in paragraph "5" through "9" above and otherwise herein, no request has been made for the relief sought by this Declaration or by the Motion.

Dated: April 12, 2010

_____
ALLEN G. KADISH