**BRAFMAN & ASSOCIATES, P.C.**

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
KAREN A. NEWIRTH
MARC AGNIFILO ADMITTED IN N.Y. AND N.J.

MARK M. BAKER
OF COUNSEL

April 22, 2010

**VIA ELECTRONIC FILING**
Hon. Thomas P. Griesa
United States District Court
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   RE: The Receivership of Mount Vernon Money Center Corp
      CASE #: 1:10-cv-03121-TPG

Dear Judge Griesa,

  This firm represents Robert Egan in connection with the criminal case pending before Judge John Keenan. The Receiver installed as part of the criminal case informs me that this case has been filed for the limited purpose of granting the Receiver the power and authority to move certain business entities into bankruptcy. Insofar as Mr. Egan agrees that the Bankruptcy Courts are the proper forum to address the financial condition of these business entities, this firm represents Mr. Egan in connection with this limited proceeding.

  Mr. Egan consents to the expanded powers of the Receiver for the purpose of moving these entities into bankruptcy. On April 9, 2010, our firm submitted a letter to Hon. John Koetl in the case of U.S. v. Robert Egan (Misc. 19-63). The letter was filed as a response to the receiver's motion to expand the scope of his authority and to authorize the receiver to place Mt. Vernon Money Center Corp. and affiliates under the protection of Chapter 11 of the United States Corp. *The letter is attached for the Court's reference.*

                Sincerely,

                Marc Agnifilo

# BRAFMAN & ASSOCIATES, P.C.

ATTORNEYS AT LAW

767 THIRD AVENUE, 26TH FLOOR

NEW YORK, NEW YORK 10017

TELEPHONE: (212) 750-7800

FACSIMILE: (212) 750-3906

E-MAIL: BBRAFMAN@BRAFLAW.COM

BENJAMIN BRAFMAN

ANDREA ZELLAN
KAREN A. NEWIRTH
MARC AGNIFILO ADMITTED IN N.Y. AND N.J.

MARK M. BAKER
OF COUNSEL

April 9, 2010

Honorable John Koetl
United Stated District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re:   United States of America v. Robert Egan
               <u>Misc. 19-63</u>

Dear Judge Koetl,

      This firm represents Robert Egan in connection with the above-referenced matter.

      Mr. Egan has reviewed the Motion of the Receiver to (i) Expand the Scope of his Authority and (ii) Authorize the Receiver to Place Mt. Vernon Money Center Corp. and Affiliates Under the Protection of the Title 11 of the United States Code (the "Motion"). Mr. Egan consents to the Motion. In Mr. Egan's view the Bankruptcy Court is an excellent forum in which to maximize the value of the business assets of Mt. Vernon Money Center Corp. and its affiliates, pursue potential claims of such companies against third-parties and resolve disputes regarding competing claims to various assets in an orderly and expeditious fashion. These are the sort of issues that bankruptcy courts regularly grapple with and, thus, the Motion makes eminent sense to Mr. Egan.

      We are currently engaged in discussions with the United States Attorney's office regarding a consensual stipulation providing, *inter alia*, for the restraint on certain property, including personal property owned by the Egans. These discussions are ongoing and it is our hope that an agreement can be reached with the United States Attorney's office to permit Mr. Egan and his wife, Iris,

**BRAFMAN & ASSOCIATES, P.C.**

access to sufficient funds to allow them to pay for necessary and essential living expenses on an interim basis and to preserve the value of their personal property for the benefit of all stakeholders and constituents. Mr. Egan also requires access to some of these assets to pay for legal and accounting expenses in preparation for his defense in the pending criminal action in the Southern District of New York. This sort of arrangement is analogous to an interim cash collateral stipulation or budget frequently used in bankruptcy cases permitting only expenditures absolutely necessary for essential living expenses, legal fees/expenses and to preserve the value of property, such as real properties subject to mortgages and other claims of third-parties.

As noted above, Mr. Egan and the United States Attorney's office are currently discussing appropriate arrangements regarding the disposition of the Egans' property and Mr. Egan hopes that such discussions shall result in a consensual budget. To the extent that we are unable to reach an appropriate and equitable interim agreement regarding the disposition and use of the Egan's property, Mr. Egan on behalf of himself and his wife, reserves the right to raise these issues, if they remain unresolved, at the appropriate time in the bankruptcy context or before this Court.

Thank you for your Honor's time and consideration.

Respectfully submitted,

Marc Agnifilo
Brafman&Associates
767 Third Avenue 26 floor
New York, NY 10016

cc: AUSA Antonia Apps
AUSA Anna Arreola
Daniel Zelenko, Attorney for Iris Egan