GREENBERG TRAURIG, LLP
Allen G. Kadish
200 Park Avenue
New York, New York 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

Attorneys for Allen D. Applbaum
as Receiver for
Mount Vernon Money Center Corp., *et al.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                   :

**In the Matter of**                        :      Civil Action 10-CIV-3121 (TPG)

                                   :

**THE RECEIVERSHIP OF MOUNT**    :
  **VERNON MONEY CENTER CORP.**   :

                                   :
-------------------------------------------------------------x

### MOTION OF RECEIVER TO (I) TERMINATE RECEIVERSHIP, (II) CLOSE RECEIVERSHIP PROCEEDING, AND (III) DISCHARGE RECEIVER

        Allen D. Applbaum, as Receiver (the "**Receiver**") of Mount Vernon Money Center Corp. ("**MVMC**") and its affiliated and related entities (collectively, the "**Debtors**"),[1] respectfully submits this Motion (the "**Motion**") for an Order to (i) terminate the Receivership, (ii) close the above-captioned proceeding styled *In the Matter of The Receivership of Mount Vernon Money Center Corp.* (Civil Action 10-CIV-3121) (the "**Receivership Proceeding**"), and (iii) discharge the Receiver.  In support of this Motion, the Receiver respectfully represents:

---

[1]    The Debtors are: 1540 Roosevelt Avenue, LLC; 185 LLC; 415 Huguenot LLC; 44 N. Saw Mill, LLC; American Armored Car, Ltd.; Annex Corp.; Armored Money Services, LLC; ATM Management, LLC; Barron ATM Corp.; Crystal Public Communications, Inc.; District Central Station Alarm Corp.; District Central Alarm Service Corp.; District Security Services, LLC; EZ-KI Realty Corp; EZ-RI Realty Corp.; GNC Payroll Plus, Inc.; GT Public Services, Inc. (f/k/a Public Access Networks Services Inc.); Manhattan Money Branch.com, Inc.; Michelle Corp.; MKey, LLC; Money Kiosk Corp.; Montgomery Check Cashing Corp.; Mount Vernon Monetary Management Corp.; Mount Vernon Money Center Corp. (a/k/a/ MVMC Corp.); M.V.M.C. Service Station, Inc.; MVMC Holding Corp.; MVMC Service, Inc.; MVMM Corp.; NowCash, Ltd.; Quick Cash, LLC; Time Square Payment Center, Inc.; Vet's ATM Corp.; and Zipes Equities, Ltd.

## BACKGROUND

1.      On Monday, February 8, 2010, Robert Egan, president and sole shareholder of MVMC, was charged in a criminal complaint filed in the United States District Court in the Southern District of New York with bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349, and was taken into federal custody.  Egan and Bernard McGarry, the Debtor's chief operating officer, were later indicted on these charges.

2.      Upon the request of the Office of the United States Attorney for the Southern District of New York (the "**U.S. Attorney's Office**"), on Thursday, February 11, 2010, the Honorable Richard M. Berman entered a Consent Order for Restraint and Seizure of Property ("**Restraint Order**") pertaining to MVMC and its related entities, which prohibited, among other things, any action that would have the effect of depreciating, damaging or diminishing the value of MVMC and/or any of its affiliates or related entities.

3.      On Friday, February 12, 2010, Judge Berman entered a Consent Order for Creation of Receivership and Appointment of Receiver Pursuant to 18 U.S.C. § 983(j) and 21 U.S.C. § 853(e) (the "**Receivership Order**") over MVMC, and appointed Allen D. Applbaum of FTI Consulting, Inc. as Receiver for the assets of MVMC, including its affiliated entities.  A copy of the Receivership Order is attached hereto as **Exhibit "A"**.  The Receiver was charged with taking control of and preventing further dissipation of assets and assessing and reporting on the financial status of the Debtors.

4.      The receivership (the "**Receivership**") was created at the request of the U.S. Attorney's Office in the wake of Egan's arrest, to ascertain the financial condition of the Debtors MVMC, prevent dissipation of the property and assets of the Debtors, prevent the encumbrance or disposal of property or assets of the Debtors, preserve the books, records and documents of the Debtors, and designate a fiduciary to respond to inquiries by creditors.

5.      The Receiver immediately undertook to comply with the directives of the Receivership Order.

6.      On March 1, 2010, the Receiver filed his initial report detailing the status of the Debtors and outlining actions taken by the Receiver over the assets (the "**Report**"). Following the filing of the Report, the Receiver continued to assess the opportunities to maximize values and recoveries, including the commencement of bankruptcy cases. The Receiver established communications with creditors, established interim agreements to operate valuable businesses on a temporary basis, wound down burdensome business units, marketed sale opportunities, and disposed of certain assets including leased premises and vehicles. The Receiver also sought and obtained certain judicial relief in the District Court as follows.

7.      The Receiver filed the *Motion of Receiver to (i) Expand the Scope of His Authority, and (ii) Authorize the Receiver to Place Mount Vernon Money Center Corp. and Affiliates Under the Protection of Title 11 of the United States Code*, dated March 25, 2010 (the "**Motion to Expand Authority**"). By the Motion to Expand Authority, the Receiver sought an Order of the District Court expanding the scope of the Receiver's authority as originally set forth in the Restraint Order and the Receivership Order. Judge Berman issued an Administrative Order dated March 30, 2010 (the "**Administrative Order**"), directing the Clerk to open Miscellaneous No. M-19-63 for the purposes of addressing the Motion to Expand Authority.

8.      The Receiver filed a Declaration in support of a proposed Order to Show Cause in Miscellaneous No. M-19-63 seeking the issuance of an order granting the Motion to Expand Authority. This Court (Koeltl, U.S.D.J.), sitting in Part 1, scheduled a hearing to consider the Order to Show Cause. Judge Koeltl held a hearing on April 6, 2010, at which the Receiver and the U.S. Attorney's Office were represented and appeared. The U.S. Attorney's Office stated no objection to the relief sought by the Receiver. Judge Koeltl issued the Order to

Show Cause in which the Court also suggested that the Receiver and the United States Attorney consider the filing of a civil complaint or such other pleading so as to achieve the assignment of a permanent judge over the Receivership in this Court.

9.      On April 12, 2010, in the above-captioned proceeding, this Court considered the *Petition for Relief on Behalf of Court-Appointed Receiver* (the "**District Court Petition**") which was a request to expand his authority to accommodate conclusion of the receivership and preparation for Chapter 11.   The U.S. Attorney's Office and Egan filed statements of no objection.

10.     In the Motion to Expand Authority and the District Court Petition, the Receiver explained that given the financial status of the Debtors, a Chapter 11 filing would likely be the best method for marshalling, preserving and disposing of the assets of the Debtors, determining claims and maximizing and effectuating returns to creditors.  As such, the Receiver sought expansion of his role to include that of "Sole Corporate Manager" of the Debtors to the exclusion of all other officers and directors, in order to follow case law in this jurisdiction regarding the continuity of a receiver serving as the corporate officer of the debtor-in-possession in bankruptcy.   Given the extensive resources devoted to investigation and control of the Debtors' financial and operational affairs, it was not practical or efficient to duplicate the Receiver's efforts by anticipating the appointment of a new fiduciary in bankruptcy.

11.     On April 27 and 29, 2010 this Court issued orders granting all the relief sought by the Receiver, expanding and clarifying the Receivership Order and (i) appointing the Receiver as sole corporate manager (the "**Sole Corporate Manager**") of the Debtors, to the exclusion of all others, and (ii) granting the Receiver and the Sole Corporate Manager authority

to file bankruptcy cases on behalf of the Receivership entities (the "**Expanded Receivership Order**"). [Docket Nos. 9, 10].[2]

12.     Accordingly, on May 27, 2010 (the "**Petition Date**"), and upon the authority of the Receiver and Sole Corporate Manager, the Debtors commenced their Chapter 11 cases, under Case No. 10-B-23053 (RDD) (Jt. Admin.), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Debtors continue as Chapter 11 debtors in possession under the authority and direction of the Sole Corporate Manager.

13.     The assets subject to the Receivership are currently being administered in the Chapter 11 cases with the Receiver serving in the capacity of Sole Corporate Manager of the Debtors as debtors in possession.  Because all assets are subject to the bankruptcy and therefore no assets remain for the Receiver to administer in the context of the Receivership, at this time it is appropriate to conclude the Receivership and discharge the Receiver.

## RELIEF REQUESTED

14.     The Receiver respectfully requests entry of an Order (i) terminating the Receivership, (ii) closing the Receivership Proceeding, and (iii) discharging the Receiver from all duties imposed by the Receivership Order (and such other Orders of this Court, as may be applicable) and discharge the Receiver and his employees, agents and attorneys from liability related thereto.

## BASIS FOR RELIEF REQUESTED

15.     Having determined that the Chapter 11 filing was the best method for preserving and disposing of the assets of the Debtors, determining claims and maximizing and

---

[2] By order dated May 19, 2010 [Docket No. 11], this Court authorized payment of the Receiver's professionals' fees and expenses, which fees and expenses were paid prior to the filing of the Chapter 11 cases.

effectuating returns to creditors, the Receiver now seeks to conclude the Receivership and close the Receivership Proceeding.

16.    Pursuant to the Expanded Receivership Order, the Receiver is continuing to serve as the Sole Corporate Manager and administering the assets of the Debtors in the bankruptcy cases. At this time, it is both inefficient and unnecessary to keep the Receivership Proceeding open because the assets of the Debtors that were the subject to the Receivership are now "property of the estates" of the Debtors within the meaning of Section 541 of the United States Bankruptcy Code. Accordingly, the Bankruptcy Court now has jurisdiction over the receivership entities and property and the directives of the Receivership Order are now being accomplished by the Sole Corporate Manager in the Bankruptcy Court. Thus, there are no longer receivership assets for the Receiver to administer in a Receivership Proceeding.

17.    Consequently, the Receiver requests that the Court enter an Order that terminates the Receivership, closes the Receivership Proceeding, and discharges the Receiver from his duties in the Receivership Proceeding. In addition, with the closing of the Receivership, the Receiver requests that he and his employees, agents and attorneys be released and otherwise discharged from any liability arising from the Receivership.

18.    No request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Receiver respectfully requests that the Court enter an order (i) terminating the Receivership, (ii) closing the Receivership Proceeding, (iii) discharging the Receiver from all duties imposed by the Receivership Order (and such other Orders of this Court, as may be applicable) and discharging the Receiver and his employees, agents and attorneys from any liability related thereto, and (iv) granting such other and further relief as is just and proper.

Dated: New York, New York
       August 17, 2010

GREENBERG TRAURIG, LLP

By: _____
      Allen G. Kadish
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: kadisha@gtlaw.com

Attorneys for Allen D. Applbaum
as Receiver for
Mount Vernon Money Center Corp., *et al.*